Per Curiam.
The complaint was upon an alleged slander of plaintiff by defendant, averred to have been spoken “in the presence and hearing of divers persons.” The defendant demanded a bill of the particulars of the time and place of the slander. This was served without any information as to the names of persons in whose presence or hearing the slander was claimed to have been uttered. The order appealed from was then made, that plaintiff serve “a statement in writing, of the names of the persons in whose présence or hearing ” the plaintiff claimed the slander was uttered.
The defendant claimed that the order was necessary to enable him to draw his answer and prepare for trial. Less than the names of all persons claimed to have been present, would enable the defendant to draw a truthful answer which would deny or admit the slander. And to prepare for trial, it was not necessary to do more than *107 specify a particular occasion, to which the defendant might direct his preparation. It is not the office of a bill of particulars, to apprise the defendant of the nature of the plaintiff’s proof, or of the names of his witnesses. On the trial, it would not be just that the plaintiff should fail because of some person, among others ■ named in the bill, not being present, although there might be no doubt that the speaking relied on by plaintiff was the one actually referred to in the bill served. The order made below should be so modified, that it require a further bill to give the name of some person in whose presence the plaintiff claims the words were spoken.
The order, as modified, is affirmed, with $10 costs to abide event.